†THOMAS J. TAYLOR ET AL. v. F. A. GREVER ET AL.

1. PETITION MUST AVER OWNERSHIP AND RIGHT TO IMMEDIATE POSSESSION.
In replevin the petition must aver the ownership of the plaintiff and his right to the imme-
diate possession, as well as a wrongful detention. otherwise it states no cause of
action.

2. UNDER SUCH AVERMENTS PLAINTIFF MAY PROVE FRAUDULENT ACTS.
Under plaintiff's general averments of ownership and right to immediate possession, he
may show that defendant bought the goods of him; he need not set out the fraud-
ulent acts.

3. STATEMENTS MADE AT PREVIOUS SALE CANNOT BE RELIED UPON AS CONSTITUTING FRAUD.
A representation by defendant that he is out of debt, when buying goods for cash, cannot
be relied upon, five months later by the seller, in selling to him on credit, as con-
stituting fraud in the sale, though it may be shown as bearing on an intent not to
pay for the latter purchase.

Error to the Court of Common Pleas of Hancock county.

SENEY, J.

The petition alleges: "The defendants, and each of them, wrongfully detain from
plaintiffs the following goods and chattels of the plaintiffs, to-wit:

"A certain lot of woolen cloth goods, (describing the goods in detail). And have
so detained them for the space of thirty days to their damage in the sum of three hundred
dollars."

Prays for possession of the property and judgment for damages.

The answer is a general denial.

Verdict and judgment for plaintiffs.

Thomas J. and Olive Taylor ask a reversal of this judgment by a petition-in error
filed in this court, alleging that the petition does not state facts sufficient to constitute a
cause of action; that the court erred in admitting certain evidence, and that the verdict
and judgment are contrary to law.

The first question presented is: Does the petition state facts sufficient to
constitute a cause of action?

The statutes do not expressly prescribe the forms of pleading in replevin
actions; but do they not, at least by implication?

Sec. 5814 Rev. Stat. provides: "The possession of specific personal property may
be recovered in an action as provided in this chapter."

Sec. 5815 Rev. Stat. provides: "An order for the delivery of property to the plaintiff
shall be issued by the clerk of the court in which the action is brought, etc."

This section only authorizes an order to issue when an action is brought.

Sec. 5035 Rev. Stat. provides: "A civil action must be commenced by filing a peti-
tion," etc.

Sec. 5060 Rev. Stat. provides: "The petition shall contain a statement of the facts
constituting the cause of action in ordinary and concise language," etc.

Sec. 5127 Rev. Stat. provides: "A trial is a judicial examination of the issue, whether
of law or fact, in an action or proceeding," etc.

Sec. 5128 Rev. Stat. provides: "Issues arise on the pleadings," etc

Sec. 5129 Rev. Stat. provides: "An issue of fact arises upon a material allegation
alleged in the petition denied by the answer," etc.

Sec. 5824 Rev. Stat. provides: "When judgment is rendered against the plaintiff
on demurrer, etc., the court shall on application of the defendant assess to defendant
proper damages including damages for the right of property or possession, or both, if he
proves himself entitled thereunto," etc.

Sec. 5826 Rev. Stat. provides: "If the jury upon issue joined find for the defendant,
they shall also find whether the defendant had the right of property or the right of pos-
session only," etc.

From these respective sections of the statutes it will be seen that the petition
shall contain the facts. A trial is an examination of the issue of fact. An issue
of fact arises upon a material allegation alleged in the petition and denied. These

†This judgment was reversed by the supreme court; see opinion, 53 O. S., 621.

issues require proof. Evidence can only be offered upon such issues. If an issue of the right of property, or possession, or both, is not tendered by the pleadings, the party cannot prove the damages arising therefrom, and which entitle him to recover under sec. 5824, which applies to replevin actions.

As we have seen, issues are made and tendered by the pleadings. Juries find only issues of fact. As provided by sec. 5826: "If the jury find the right of property or the right of possession only," they only can so find upon the evidence. The only evidence competent is upon the issues joined by the pleadings. So that to enable the jury to make a finding the pleadings must make an issue of fact, and be supported by evidence.

Owen, C. J., in Bailey v. Swain, 45 O. S., 658, says:

"The plaintiff alleged in his petition his ownership, his right to the immediate possession, and the unlawful detention by the defendant;" and in the same case, on page 659, the same judge says: "The result was simply that the plaintiff failed to prove the facts stated in his petition, and which were indispensable to his recovery."

It is urged in argument that as the title and ownership of the goods in question depends upon the fraudulent acts of the defendant, these fraudulent acts should be set forth in the petition, otherwise evidence cannot be introduced to support the fraud; that evidence of this character is competent under the general issue in an action of replevin is fully sustained by the supreme court in the case of Bailey v. Swain, 45 O. S., 657.

So we hold that a petition in replevin must contain the following averments: The ownership of the plaintiff; the right to the possession of the property, and that the property is wrongfully detained by the defendant.

In the petition under review there is the averment, "the defendants wrongfully detained."

By the averment in the petition, "The following goods and chattels of the plaintiffs," in the absence of a motion to reform, ownership of the property is sufficiently alleged.

The petition is silent as to the right of possession, and for this reason does not state a cause of action in replevin.

The evidence in the case on the part of the plaintiffs below tends to establish about this state of facts:

In the month of January, 1891, one of the plaintiffs in error called upon the defendants in error at their place of business in the city of Cincinnati, for the purpose of purchasing a bill of goods. He did purchase a small bill, probably $400.00 worth, paying therefor $250.00 cash, and afterwards paid the balance. At the time of the purchase, upon an inquiry made by the defendants in error, he represented he was out of debt.

In June following he purchased another bill of goods, through an agent of the defendants in error, who solicited him to buy at plaintiffs in error's store at Findlay. At the time of this purchase no representations were made of any kind. This purchase was sent to plaintiffs in error the following August 6.

On August 19, plaintiff in error Thomas J. Taylor transferred the goods purchased by him in June to his wife Olive J. Taylor, to pay a pre-existing debt, and without any other consideration, said debt being for money loaned him by his wife long prior to January, 1891.

From the evidence admitted over the objection and exceptions of the plaintiffs in error, and the charge of the court, it appears that the case was tried below upon the theory that if the representation made by Taylor in January, viz.: "that he was out of debt," was found by the jury to have been made, then that acted as a fraud upon the defendants in error, and the title to the goods ordered in June and sent in August did not vest in Taylor, but was still in defendants in error, and the title not vesting in Taylor by reason of this fraud, a pre-existing debt was not a sufficient consideration to support the transfer of the husband to the wife. Upon this state of facts, what is the nature of the case that the facts tend to prove?

It is urged in argument that whether the representation made in January was acted upon in August, or, in other words, whether the defendants in error

Vol. III. C. C. 29

relied upon them in the sale of the August shipment, was properly left to the jury, in support of which the case of Zabriskie v. Smith, 13 N. Y., 322, is cited.

In that case the representations were made for the purpose of obtaining credit, which, we think, is not the fact in reference to the case at bar.

Taylor was not seeking or asking credit; he was simply purchasing a small bill. His representation as to being out of debt was not for the purpose of obtaining credit. It was made in answer to an inquiry of the defendants in error; credit was not sought. It had no reference to any future credit being given. The most that can be claimed for it was simply in reference to the purchase then made in January, and it could not refer in the remotest degree to a subsequent credit. This being so, what was said in January could not act as a representation, constituting fraud, in the purchase of the goods in June.

So that in the purchase in June, the defendants in error could not rely upon the representation made in January, or had no legal right to rely thereon.

So the evidence offered and introduced, wherein the defendants in error were permitted to testify "that in the June sale they relied upon the representation made in January, as found on page 16 of the bill of exceptions," was error.

No exception was taken to the charge, but the entire evidence and charge is before us, and under several decisions of the supreme court we can examine it for the purpose of ascertaining whether a fair trial has been had and substantial justice done.

The charge of the court is based solely, and the right to recover by the charge, is made to depend upon the effect of the representation made in January. In the view we take of the case, the evidence in the case, this representation made is entitled to no weight, excepting so far as it would tend to show the intent of the purchaser, in purchasing the goods in June, not to pay for them, or having no reasonable expectation of being able to pay. This is the law of the case, which is supported by the case of Talcott v. Henderson, 31 O. S., 162, the syllabus of which is:

"First—A contract for the purchase of goods on credit, made with intent on the part of the purchaser not to pay for them, is fraudulent; and if the purchaser has no reasonable expectation of being able to pay, it is equivalent to an intention not to pay.

"Second—But where the purchaser intends to pay, and has reasonable expectations of being able to do so, the contract is not fraudulent, although the purchaser knows himself to be insolvent and does not disclose it to the vendor, who is ignorant of the fact."

Any evidence or circumstance surrounding the husband and wife at the time of the transfer, is competent evidence bearing upon the intent of the husband in making the purchase. The law adopted by the court in its charge to the jury is not the law of the case, and for that reason the verdict and judgment are against the law.

For the errors that the petition does not state a cause of action; in admitting evidence, and that the verdict and judgment are against the law, the judgment will be reversed, verdict set aside, new trial granted, with costs, execution awarded, and cause remanded for execution and a new trial.

BEER and MOORE, JJ., concur.

George H. Phelps, for plaintiffs in error.

Burket & Burket, for defendants in error.